### TOKIO MARINE AND FIRE INSURANCE CO., LTD., Plaintiff,

v.

### JOSEPH LAND & CO., INC., and Hanjin Shipping Co., Ltd., Defendants.

No. CV 491–254.

United States District Court, S.D. Georgia, Savannah Division.

July 22, 1992.

Walter Wynne Ballew, III, Beckmann & Pinson, Savannah, Ga., John B. Culp, Jr., Jacksonville Beach, Fla., for Tokio Marine and Fire Ins. Co., Ltd.

David Hughes Johnson, Savannah, Ga., for Joseph Land & Co., Inc.

George H. Chamlee, Chamlee, Dubus & Sipple, Savannah, Ga., for Hanjin Shipping Co., Ltd.

### ORDER

EDENFIELD, Chief Judge.

At the pretrial conference the parties asked the Court to decide whether this case should be tried by a jury. The third party plaintiff, relying on the demand made by the plaintiff in the original claim, seeks a jury trial. The third party defendant disputes the applicability of the original plaintiff's jury demand to the third party claim.

In the original action, the Plaintiff, Tokio Marine and Fire Insurance Company, Ltd. ("Tokio Marine"), made a jury demand in accordance with Rule 38 of the Federal Rules of Civil Procedure. The Defendant, Joseph Land and Company, Inc. ("Land"), filed a third party claim against Hanjin Shipping Company, Ltd. ("Hanjin"). Throughout the pre-trial proceedings, including the joint status report, all parties agreed to a jury trial. The claim between Tokio Marine and Land subsequently settled. The only claim that remains is the third party claim between Land, the third party plaintiff, and Hanjin, the third party defendant.

Hanjin objects to trying this case before a jury, preferring a bench trial. Hanjin contends that Tokio Marine's jury demand does not extend to the third party claim, and therefore Land has waived its right to a jury trial. Land correctly asserts that the general jury demand made by Tokio Marine in the main claim covers the third party claim.

Rule 38 provides that a jury demand must be made within 10 days after the commencement of the action, and that failure to make a demand constitutes a waiver of a jury trial. Fed.R.Civ.P. 38. The Rule

embodies the equitable principles of reasonable reliance for a party seeking to invoke the jury trial right and adequate notice for the other parties in an action. These principles allow federal courts some latitude in enforcing the rule so as to satisfy justifiable expectations while avoiding undue surprise. *Rosen v. Dick*, 639 F.2d 82, 88 (2d Cir.1980).

The Court of Appeals for the First Circuit addressed facts strikingly similar to those in this case in a tort action resulting from an airplane crash. *See In re N500–L Cases*, 691 F.2d 15 (1982). The original plaintiff, who had requested a jury trial, settled his claim with the original defendant, leaving a third party claim for contribution outstanding. Over the third party defendant's objections, a bench trial was held. The court of appeals held that the district court erred in not allowing a jury trial for these claims. The court reasoned that if the original plaintiff demands a jury trial, others are entitled to rely on the demand and need not make an independent demand of their own. *Id.* at 22.

In both cases the third party claims for contribution frame issues that "turn on the same matrix of facts" as the original claim. *Id.* In fact, the third party claim in this case directly depends on the resolution of issues from the main claim. In addition, during the trial preparation, the parties assumed that a jury would try this case. Although Land failed to conform to Rule 38(d)'s requirement that it file a jury demand, Land's reliance on Tokio Marine's demand was reasonable, given the duplicity of the issues in this suit.

Land's third party claim addresses issues interrelated to the issues framed by Tokio Marine's original claim. The third party plaintiff reasonably relied on the original demand for a jury trial. Accordingly, this case will be tried by a jury.

SO ORDERED.